*E-Filed on*: 2/1/2007

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL BOGGLEN<br><br>        Plaintiff,<br>    v.<br><br>COUNTY OF SAN BENITO, and Does 1 through 10, inclusive,<br><br>        Defendants. | No. C-06-02490 RMW<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE; CONTINUING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 28]** |

Plaintiff Daniel Bogglen filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the County of San Benito ("the County") had denied medical attention while he was serving a 90-day sentence in February 2005. It appears that subsequent to filing the complaint, plaintiff was once again taken into custody. Consequently, plaintiff's counsel sought leave to withdraw on September 27, 3006. Leave to withdraw was granted on November 21, 2006, leaving the plaintiff to proceed *pro se*. The address provided for plaintiff was in the North Kern State Prison in Delano, California.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE— No. C-06-02490 RMW
MAG

1    On December 29, 2006, the court received a letter from defense counsel informing it that
2 plaintiff had been moved from North Kern State Prison to Corcoran State Prison in Corcoran,
3 California.  On that same date, the County filed a motion for summary judgment that was set for
4 hearing on February 2, 2007.  To date, plaintiff has not opposed the motion.

5    The Ninth Circuit has held that the complexity of the summary judgment rule combined with
6 the lack of legal sophistication of the *pro se* prisoner requires that pro se plaintiff's in prisoner cases
7 receive a notice phrased in ordinary, understandable language.  *See Rand v. Rowland*, 154 F.3d 952,
8 960 (9th Cir. 1998) (*en banc*).  The notice "must clearly and conspicuously inform the *pro se*
9 prisoner that if the motion for summary judgment is granted, the prisoner's case will be over [and]
10 that if the *pro se* prisoner fails to controvert the moving party with opposing counter-affidavits or
11 other evidence, the moving party's evidence might be taken as the truth, and final judgment may be
12 entered against the prisoner without a trial." *Id.*

13    The movant may provide this notice, but if it does, that notice "must be in a separate form
14 that the plaintiff will recognize as given pursuant to the court's requirement [and] may not be
15 provided within the summary judgment motion or in the papers ordinarily filed in support of the
16 motion." *Id.* at 960. Upon review of the docket and the County's moving papers, it does not appear
17 that plaintiff was given such notice by the defendant.

18    "Of course, the ultimate responsibility of assuring that the prisoner receives fair notice
19 remains with the district court." *Id.*  Accordingly, because plaintiff has not filed an opposition, the
20 court hereby provides the required notice.  It will also provide plaintiff one set of copies and grant
21 plaintiff an extension of time to file an opposition to the motion for summary judgment.

22                               **ORDER**

23    For the foregoing reasons, the court orders as follows:

24    1. Defendant's motion for summary judgment is DENIED without prejudice.  The court will
25 continue defendant's motion for summary judgment, order further briefing, and re-consider this
26 motion once the briefing is submitted.

27    2. The clerk is directed to copy and provide to plaintiff the following documents from the
28 court file: documents 1, 3, and 28-38.  If plaintiff requires a full copy of his deposition or access to

ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE— No. C-06-02490 RMW
MAG
2

discovery conducted in this case, he should request such materials from his former attorney, William L. Marder, Polaris Law Group, LLP, 501 San Benito Street, Suite 200, Hollister, CA 95023.

      3. Plaintiff shall file an opposition to the motion for summary judgment with the court and serve a copy upon defendant within forty-five days of the date of this order. As set forth above, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (*en banc*).

      Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE— No. C-06-02490 RMW
MAG

4. Defendant shall file a reply brief within fifteen days of plaintiff's service of the opposition. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5. Plaintiff is reminded that all communications with the court must be served on defendants by mailing a true copy of the document to defendant's counsel. Plaintiff must keep the court and all parties informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED:     2/1/07                              /s/ Ronald M. Whyte
                                               RONALD M. WHYTE
                                               United States District Judge

1  **A copy of this order was mailed on       2/1/07       to:**

2  **Plaintiff,** *pro se*

3  Daniel Bogglen
   CDC #: F46098
   Corcoran State Prison
   P.O. Box 8800
4  Corcoran, CA 93212-8309

5  **Former Counsel for Plaintiff:**

6  William L. Marder
   Polaris Law Group, LLP
   501 San Benito Street, Suite 200
7  Hollister, CA 95023
   831-531-4214

8  **Counsel for Defendant:**

9  Michael C. Serverian
   Rankin Landsness Lahde Serverian & Stock, Suite 500
   96 N. Third Street
10 San Jose, CA 95112
   408-293-0463

11
   Counsel are responsible for distributing copies of this order to co-counsel, as necessary.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE— No. C-06-02490 RMW
MAG

5