IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL BOGGLEN<br><br>              Plaintiff,<br>v.<br><br>COUNTY OF SAN BENITO, and Does 1 through 10, inclusive,<br><br>              Defendants. | No. C-06-02490 RMW<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket Nos. 28]** |

On April 10, 2006, plaintiff Daniel Bogglen filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the County of San Benito ("the County") and unknown defendants had denied him medical attention while he was serving a 90-day sentence in February 2005. It appears that after filing the complaint, plaintiff was once again taken into custody. Plaintiff's counsel subsequently sought leave to withdraw on September 27, 3006. Leave to withdraw was granted on November 21, 2006, leaving plaintiff to proceed *pro se*.

On December 29, 2006, the County moved for summary judgment. Because plaintiff appeared to have both been incarcerated and proceeding *pro se*, by its order dated February 1, 2007, the court vacated the hearing date set by defendants and sent plaintiff copies of the motion and a notice phrased in ordinary, understandable language as required by *Rand v. Rowland*, 154 F.3d 952,

960 (9th Cir. 1998) (*en banc*). The court sent this notice to plaintiff's last known address at Corcoran State Prison[1] and gave forty-five days to submit an opposition. To date, plaintiff has not opposed the County's summary judgment motion.

## I. BACKGROUND[2]

According to his complaint, plaintiff entered the San Benito County Jail to serve a 90-day sentence on February 15, 2005. The County has submitted evidence that he entered the jail on February 16, 2005. Decl. Lieutenant Edward A. Escamilla ¶ 2.

Plaintiff claims that he complained repeatedly that his stomach was burning and that he was throwing up blood, but was not treated until February 18, 2005, when he was given Maalox and milk. The County has submitted evidence that the correctional officer on duty paged their on-call health provider at 5:15 on February 17, 2005 and that plaintiff was treated (with Mylanta rather than Maalox) shortly thereafter. Decl. Correctional Officer Mike Kirschmann ¶¶ 2-4.

On February 19, 2005, plaintiff became dizzy and fainted, apparently because he had been unable to eat, falling down some stairs. On that day, he was taken to a local hospital via ambulance then airlifted to Stanford via helicopter and treated for a broken back. He claims he was told at Stanford that Maalox and milk "was the worst thing that could be done . . . because it contributed to the stomach acids." Compl. ¶ 14.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.*

---

[1] The court sent the materials to Daniel Bogglen, CDC #: F46098, Corcoran State Prison, P.O. Box 8800, Corcoran, CA 93212-8309. A subsequent administrative notice regarding e-filing was sent to a prior address at North Kern State Prison was returned as undeliverable.

[2] Because plaintiff has not filed an opposition, the statement of facts is based on his complaint and the evidence submitted by the County.

The moving party bears the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In response to a properly supported motion, the responding party must present specific facts showing that contradiction is possible. *British Airways Board. v. Boeing Co.*, 585 F.2d 946, 950-52 (9th Cir. 1978). In a motion for summary judgment, the court draws all reasonable inferences that may be taken from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B.  Plaintiff's § 1983 Claim

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987). Defendants do not contest that the violation alleged by plaintiff was committed by a person acting under the color of state law. The question presented by the instant motion is whether the undisputed facts establish that no right secured by the Constitution or by the laws of the United States was violated by defendants.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

Here, plaintiff asserts that defendants' failure to treat him resulted in a violation of his civil rights. Although plaintiff asserts that defendants' failure to treat his stomach problem caused him to be weak enough to faint, not even his complaint seems to imply that defendants did not immediately recognize provide medical attention in response to his fall. The complaint is in accord with the County's evidence that plaintiff was taken to the hospital following the fall.[3] Thus, it appears that plaintiff's 1983 claim is based solely upon defendants' alleged failure to treat his stomach problems following his entry into the San Benito County Jail.

### 1. Serious Medical Need

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

The only evidence presented regarding the seriousness of plaintiff's medical need is that he complained that his stomach was burning and that he was spitting up blood. Decl. Correctional Officer Mike Kirshmann ("Kirshman Decl.") ¶ 3. Defendants assert that once plaintiff was taken to the nurse's room to receive the treatment recommended by the on-call health provider, plaintiff told the officer that his stomach problems were probably due to missing his family. *Id.* ¶ 4. Other than the County's evidence, the court has no way to assess the severity of plaintiff's medical needs. Plaintiff has apparently not designated any expert witnesses and neither party has provided the court with any medical records from which it might determine the seriousness of the medical condition plaintiff complained of. Therefore, in absence of evidence supporting plaintiff's allegations, the court finds that plaintiff did not have a serious medical need.

---

[3] The County further presents evidence that they sought an order releasing plaintiff from jail on his own recognizance the morning after his injury. Decl. Officer Vanessa Esquivel ¶ 3.

2.  **Deliberate Indifference**

Even assuming that plaintiff had a serious medical need, the court finds that the defendants did not display deliberate indifference. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

First, between the complaint and the County's evidence, it appears there is some dispute as to how long plaintiff was complaining of stomach pain. In his complaint, plaintiff claims that he entered the jail on February 15, 2005 but was not treated until February 18, 2005 – a delay of up to three days between plaintiff's complaint about his medical needs and treatment. Compl. ¶¶ 7-10. The County, by contrast, presents evidence that plaintiff entered jail on February 16, 2005 and received treatment on February 17, 2005 – a delay of approximately one day. That treatment, calling the on-call health care provider to describe the symptoms plaintiff complained of and getting a prescription for Mylanta, appears to be reasonable under the circumstances.

Second, the County presents evidence that plaintiff told the officer who took him for treatment that he thought part of the reason his stomach hurt was because he missed his children. Kirshman Decl. ¶ 4. To be deliberately indifferent, a prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Farmer*, 511 U.S. at 837. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). Thus, even assuming there were sufficient facts to infer that a substantial risk of harm existed, following plaintiff's statement, it is doubtful that any of the correctional officers could have drawn that inference.

Third, there is no evidence that the harm plaintiff suffered harm as a result of defendants' alleged failure to treat his stomach condition. Although he alleges that he fainted because he was weak for lack of food owing to his inability to eat and that one of his doctors told him that giving

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT — No. C-06-02490 RMW
MAG

5

him Maalox and milk was the "worst thing that could be done for him," there is no evidence that there was any connection between plaintiff's fall and his stomach problems. Apparently plaintiff has not to date designated any experts that might be able to testify as to whether plaintiff fainting was attributable to either the treatment given plaintiff or to his stomach condition.

Because plaintiff has not opposed the present motion, the County's undisputed evidence supports the conclusion that the officers were not deliberately indifferent to plaintiff's medical needs and that the County is entitled to summary judgment as to plaintiff's claims.

### III. ORDER

For the foregoing reasons, the court grants the County's motion for summary judgment in favor of defendants and against plaintiff.

DATED: 7/2/07

RONALD M. WHYTE
United States District Judge

A copy of this order was mailed on ___7/2/07___ to:

**Plaintiff, *pro se***

Daniel Bogglen
CDC #: F46098
Corcoran State Prison
P.O. Box 8800
Corcoran, CA 93212-8309

**Former Counsel for Plaintiff:**

William L. Marder
Polaris Law Group, LLP
501 San Benito Street, Suite 200
Hollister, CA 95023
831-531-4214

**Counsel for Defendant:**

Michael C. Serverian
Rankin Landsness Lahde Serverian & Stock, Suite 500
96 No. Third Street
San Jose, CA 95112
408-293-0463

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.